## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JEAN E. OSCAR, *et al.*,                 )
                                         )
            Plaintiffs,                  )
                                         )
v.                                       )          Case No. CIV-22-00333-JD
                                         )
UNITED STATES OF AMERICA, *et al.,*      )
                                         )
            Defendants.                  )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of United States Magistrate

Judge Shon T. Erwin, entered on April 28, 2022. [Doc. No. 6]. As the Report and

Recommendation notes, Plaintiff Jean E. Oscar ("Plaintiff") alleges that Plaintiff's

constitutional and civil rights were violated and that fraud was committed against him.

[Doc. No. 1].[1] Plaintiff is currently incarcerated at FCC Coleman in Sumter County,

Florida. FCC Coleman is located within the territorial jurisdiction of the United States

District Court for the Middle District of Florida.

As a result, the Report and Recommendation recommends the transfer of this

action under 28 U.S.C. § 1404(a) to the United States District Court for the Middle

District of Florida for all further proceedings. [Doc. No. 6 at 4]. The Report and

Recommendation also recommends transfer of Plaintiff's pending application to proceed

in district court without prepaying fees or costs [Doc. No. 2]. [Doc. No. 6 at 4]. Plaintiff

---

[1] Although Plaintiff's caption lists several other plaintiffs, there are no allegations related to any of these plaintiffs, so the Court will address Plaintiff's claims. *See* Compl. [Doc. No. 1] at 4, 6–8 ("Statement of Claim"); *see also* Notice, Ex. 1 [Doc. No. 5-1] (listing "people if they wanna be part of my claims").

filed an Objection to the Report and Recommendation, which does not challenge Judge Erwin's venue analysis but seeks to have the Court transfer venue to Florida state court, specifically the "Miami-Dade County Courthouse." [Doc. No. 13 at 1].

Upon its de novo review, the Court concludes that transfer of this case to the United States District Court for the Middle District of Florida is proper under 28 U.S.C. § 1404(a). The Court need not repeat Judge Erwin's venue analysis (which is unobjected to by Plaintiff), but does note, in direct response to Plaintiff's Objection, that it cannot transfer the action to Florida state court. *See* 28 U.S.C. § 1404(a) (authorizing transfer of "civil action to any other district or division where it might have been brought"); *Pope v. Atl. Coast Line R. Co.*, 345 U.S. 379, 384 (1953) ("Section 1404(a), by its very terms, speaks to federal courts . . . [and] its limited purpose is to authorize, under certain circumstances, the transfer of a civil action from one federal forum to another *federal* forum in which the action 'might have been brought.'") (emphasis added).

The Court therefore ADOPTS the Report and Recommendation [Doc. No. 6] in its entirety for the reasons stated therein. The Clerk of the Court is directed to TRANSFER this matter to the United States District Court for the Middle District of Florida for all further proceedings. The Court leaves Plaintiff's pending motions [Doc. Nos. 2, 7, 8, 10, and 14] and amended complaint [Doc. No. 9][2] to the transferee court to decide.

---

[2] The docket reflects that an amended complaint was filed on May 5, 2022 [Doc. No. 9], a week after the Report and Recommendation. However, the Objection to the Report and Recommendation [Doc. No. 13], filed after the amended complaint, makes clear that Plaintiff does not dispute Judge Erwin's venue analysis, even after the filing of the amended complaint. Regardless, the reasons for the change of venue in the Report and Recommendation still exist with the amended complaint. Therefore, the filing of the

**IT IS SO ORDERED** this 31st day of May 2022.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

amended complaint does not impact the recommendation or appropriateness of transfer in this case.